```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LAURIE ZIMMERMAN,

                Plaintiff,

vs.                              Case No.  2:04-cv-234-FtM-33SPC

NETCO, INC.,

                Defendant.
_____

**ORDER**

This matter comes before the Court on Motion for Summary Judgment (Doc. #51) filed on December 16, 2004 by Defendant Netco, Inc. Zimmerman filed a Memorandum in Opposition (Doc. #55) on December 23, 2004. Upon review of the Motion for Summary Judgment and the Memorandum in Opposition, this Court finds that the Motion for Summary Judgment should be denied.

**I.   STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). An issue is genuine if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)).  A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."  Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).  If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).  If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the

court should not grant summary judgment.  <u>Samples *ex rel.* Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing <u>Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)).

**II.   BACKGROUND**

This case involves a claim for overtime pay brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA").  (Doc. #1.)   In her Complaint (Doc. #1), Zimmerman contends that she worked over forty hours a week and was not paid for the additional time worked.

For the purposes of deciding this motion for summary judgment, the Court accepts the following facts as true.  Zimmerman was employed by Netco, a title insurance refinancing company, to work as a searcher in its Fridley, Minnesota office.  (Doc. #54-1 at 1.) While employed with Netco, Zimmerman was responsible for performing title searches and checking property tax records in the appropriate county courthouse.  (Doc. #54-1 at 1.)  The courthouses were open Monday through Friday during normal business hours.  (Doc. #54-1 at 1.)  There were two other searchers in the Fridley office.  (Doc. #54-1 at 1.)  Zimmerman, who was hired in October 2002, was paid bi-weekly.  (Doc. #54-1 at 1.)

Zimmerman signed a memorandum acknowledging that she was responsible for filling out time sheets indicting the actual hours she worked and that she needed to obtain approval from a manager to

work over forty hours a week.  (Doc. #54-1 at 1-2.)  Zimmerman never turned in a time sheet in excess of forty hours and never went to a manager for overtime approval during her employment with Netco.  (Doc. #54-1 at 2.)  Zimmerman never told anyone in management that her time sheets were false nor did she report such a claim to the human resources department at Netco.  (Doc. #54-1 at 2.)

In July 2003, Zimmerman transferred from the Fridley office to the Fort Myers office of Netco.  (Doc. #54-1 at 2.)  The Fort Myers office was new and Zimmerman worked out of her home until the actual office space opened in October 2003.  (Doc. #54-1 at 2.)  Some title searches and property tax records could be obtained via the internet in Florida, rather than going to the county court house.  (Doc. #54-1 at 2.)  Zimmerman worked in the Fort Myers office until March 17, 2004, when she resigned.  (Doc. #54-1 at 1-3.)  During this period, Zimmerman never turned in time sheets of over forty hours.  (Doc. #54-1 at 3.)

**III. ANALYSIS**

Netco moved for summary judgment, claiming that there is no genuine issue of material fact as to whether Zimmerman worked over forty hours during any week while she was employed by Netco.  (Doc. #54.)  Netco also argues that Zimmerman cannot prove she worked over forty hours a week for any of the weeks that she was employed by Netco.  (Doc. #54.)  Zimmerman counters that there are genuine issues of material fact that preclude summary judgment including,

inter alia, that Netco had policies that forbade employees from taking their lunch hours and from being paid for overtime. (Doc. #55.) Netco provided preprinted time sheet forms that indicated a start time of 8:30, a stop time of 5:30, and an hour lunch time equating to forty hours a week. (Doc. #55.) It was general knowledge that if an employee deviated from the preprinted hours on the form, the employee would not be paid. (Doc. #55.)

Under FLSA, employees working over 40 hours per week must be paid overtime at one and one-half times their regular rate of pay. 29 U.S.C. § 207(a). An employee is entitled to compensation for hours actually worked. See Skipper v. Superior Dairies, Inc., 512 F.2d 409, 419 (11th Cir. 1975).

In this type of proceeding, a plaintiff employee generally has the burden of proving that the employee actually worked overtime hours for which the employee was not compensated. See Caro-Galvan v. Richardson, 993 F.2d 1500, 1513 (11th Cir. 1993) (quoting Donovan v. New Floridian Hotel, Inc., 676 F.2d 468 (11th Cir. 1982). However, where an employer fails to keep proper records as required by FLSA, the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Donovan, 676 F.2d at 471; quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

In this case, Zimmerman claims that the time sheets she turned in each week to Netco were not accurate. (Doc. #55-2 at 46-49, 120.) Netco argues that the time sheet records reflect that

Zimmerman never worked more than forty hours a week while employed with Netco. (Doc. #51.) In a motion for summary judgment, when there is conflicting evidence, the evidence presented by the non-moving party is presumed to be true. Shotz, 344 F.3d at 1164. Thus, for purposes of summary judgment, taking the evidence presented by Zimmerman as true, the records kept by Netco are presumed improper in violation of FLSA and the burden shifts to Netco.

Based upon a review of the evidence provided by Zimmerman for purposes of the Motion for Summary Judgment (Doc. #51), the Court finds that there is a genuine dispute as to material fact. The evidence provided by Zimmerman indicates that it was generally known that taking a lunch would compromise an employee's job with Netco. (Doc. #49 at 16-17 and Doc. #55-2 at 37-40.) In Fridley, Zimmerman was instructed by Joe Kogurek to indicate a lunch hour, regardless of whether lunch was taken, and not to include overtime. (Doc. #55-2 at 37-40,46, and 111-12.) Megan Bernaconi, another employee, stated that she rarely took a lunch break and only took a full lunch hour one or two times during her employment with Netco. (Doc. #49 at 15.)

The facts presented by the parties show that Netco provided both pre-printed time sheets and blank time sheets. (Doc. #26 at 15-17.) Whether employees were allowed to make changes to the time sheets is in dispute. Employees were given instructions on filling out time sheets. (Doc. #49 at 10 and Doc. #55-2 at 46). Bernaconi stated that she was told by the Tempe office manager,

Owen Conway, to always indicate a start time of 8:30 and a stop time of 5:30, with one hour for lunch, regardless of the actual start and stop time.  (Doc. #49 at 10-11, 15-17)  The same policy was in effect in the Fridley and Fort Myers offices, where employees were told not to alter the preprinted time sheets.  (Doc. #49 at 11 and Doc. #55-2 at 72, 151-52.)

Employees often stayed beyond 5:30 but did not indicate the extra hours worked on their time sheets due to Netco policy.  (Doc.# 49 at 19 and Doc. #55-2 at 144-45.)  Bernaconi stated she saw Zimmerman in the Fort Myers office after 5:30 p.m. on numerous occasions.  (Doc. #49 at 14.)  David Gallegos stated that he saw searchers remain in the office after 5:30 p.m.  (Doc. #26 at 38-40.)

Consequently, there is a genuine issue of material fact as to whether Zimmerman actually worked over forty hours a week despite time sheets indicating the opposite.  Since the evidence presented by the non-moving party is presumed to be true, summary judgment is precluded.  See Shotz, 344 F.3d at 1164.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Motion for Summary Judgment (Doc. #51) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this  26th  day of August, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record